UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR CARRIER,<br><br>    Plaintiff,<br><br>v.<br><br>ADAM DOUGLAS,<br><br>    Respondent. | Case No. 24-10552<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS [1] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AS A SECOND OR SUCCESSIVE PETITION**

In 2019, Trevor Carrier, then incarcerated at the Muskegon Correctional Facility, filed a pro se petition for a writ of habeas corpus in the Western District of Michigan pursuant to 28 U.S.C. § 2254. *See Carrier v. Burton*, No. 19-723, 2021 WL 4239707 (W.D. Mich. July 27, 2021), *report and recommendation adopted*, No. 19-723, 2021 WL 3782120 (W.D. Mich. Aug. 26, 2021). Carrier challenged his jury trial conviction of sixteen counts of first-degree criminal sexual conduct, raising eight grounds for relief. *Id.* at *1. The Court denied his petition, *id.* at *25, and the Sixth Circuit agreed with that denial, *id.*, ECF No. 26; *Carrier v. Macauley*, No. 21-1604 (6th Cir. May 26, 2022), ECF No. 10, *reh'g en banc denied*, No. 21-1604 (6th Cir. Aug. 16, 2022), ECF No. 18. Carrier also petitioned the United States Supreme Court for a writ of certiorari, but his petition was rejected as untimely. (*See* ECF No. 1-1, PageID.116.)

Now, about five years later, Carrier is incarcerated at the Saginaw Correctional Facility and has filed another habeas petition pursuant to 28 U.S.C. §§ 2241 and 2254. (ECF No. 1.) He also seeks relief under the All-Writs Act and Federal Rule of Civil Procedure 60(b). Carrier again challenges his underlying criminal sexual conduct convictions.

Because this filing is fairly considered a second or successive petition for a writ of habeas corpus, this Court lacks jurisdiction to adjudicate it without prior authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) ("The Antiterrorism and Effective Death Penalty Act of 1996 . . . requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court."). So the Court will transfer Carrier's petition to the Sixth Circuit for a determination of whether this Court may adjudicate Carrier's claims based on new evidence.

## I.

The fact that Carrier filed his habeas petition under 28 U.S.C. § 2241 as well as under 28 U.S.C. § 2254 does not permit him to circumvent the limitations on the filing of successive habeas petitions found in 28 U.S.C. § 2244(b)(3)(A). The provisions of 28 U.S.C. § 2244(b) apply to "any habeas corpus petition seeking relief from custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006). So § 2244(b) governs habeas petitions brought under §§ 2241 and 2254 alike. *See id.* at 336–37.

2

Likewise, Carrier cannot use the All-Writs Act, 28 U.S.C. § 1651, to circumvent AEDPA's prohibition on the filing of an unauthorized second or successive habeas petition. *See Morales v. Fla. Dep't of Corr.,* 346 F. App'x 539, 540–41 (11th Cir. 2009); *Brennan v. Wall,* 100 F. App'x 4, 5 (1st Cir. 2004); *cf. Halliburton v. United States,* 59 F. App'x 55, 56–57 (6th Cir. 2003) (concluding that federal prisoner could not use the All-Writs Act to circumvent AEDPA's prohibition on the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255).

Nor can he use Rule 60(b)[1] to circumvent the requirements of § 2244(b). "[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims,'" that is, one or more "federal bas[e]s for relief from a state court's judgment of conviction." *Gonzalez,* 545 U.S. at 530. "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id.* at 531. So to the extent that Carrier seeks relief under Rule 60(b), this is the equivalent of a habeas corpus application.

---

[1] The Court notes that Carrier might have simply mislabeled his filing, as "Rule 60 motions are post-judgment devices, not case-initiating pleadings." *Fields v. Cheeks*, No. 21-11287, 2021 WL 2801514, at *2 (E.D. Mich. July 6, 2021). Carrier's document was not filed in his prior habeas case in the Western District of Michigan. And Carrier himself labels the document a habeas petition. (*See* ECF No. 1, PageID.1 ("Mandamus writ. And or: Writ of habeas Corpus by a state prisoner. Legal authority is 28 USC 2254"), PageID.2 (citing 28 U.S.C. § 2241), PageID.3 ("Rule 60(b) motion, § 2254, 6.502(G), 2.116").) "Further, the substance of the [document] reveals that it is a petition for habeas corpus." *Fields*, 2021 WL 2801514, at * 2.

## II.

What is left, then, is for the Court to decide whether Carrier's petition is "second or successive" within the meaning of § 2244(b). AEDPA itself does not define the term. *See In re Tibbetts*, 869 F.3d at 405. But "courts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated AEDPA." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). And "[u]nder the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id.*; *see also Tibbetts*, 869 F.3d at 406 ("[A] petition is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed.").

Though Carrier's lengthy pleadings are not a model of clarity, it appears that he seeks to vindicate the claims that he raised in his prior petition, present new evidence in support of these claims, or raise claims that he did not raise in his prior petition. (*See* ECF No. 1.) Not only were all of the instant claims ripe at the time Carrier filed his first petition, but he apparently raised most, if not all, in his prior petition. *See Carrier v. Burton,* 2021 WL 4239707, at *1.

The Court acknowledges that even if Carrier's current claims could have been brought previously, the current petition would not be "second or successive" within the meaning of § 2244(b) if his first petition was dismissed for lack of jurisdiction, as unexhausted, or for similar reasons. *See* Brian R. Means, Federal Habeas Manual §§ 11:54–:61 (2023); *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998). But

4

Carrier's prior petition was dismissed because the claims lacked merit. *See generally Carrier v. Burton*, 2021 WL 4239707. Accordingly, Carrier's prior habeas petition counts toward the second-or-successive limitation. *See* Means, supra, at §§ 11:48, 11:50; *In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010) ("Because [Petitioner's] initial habeas petition was decided 'on the merits,' his recent filings in our court are properly deemed a 'second or successive' petition.")

Since Carrier filed a previous habeas corpus application, he may not assert his "claims" without prior approval from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Although "[a] state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction," he usually may not "make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). So Carrier must first seek leave from the Sixth Circuit under 28 U.S.C. § 2244(b) before this Court can adjudicate his claims on the merits. The Sixth Circuit will then determine if his claims satisfy the second-or-successive standard. *See* 28 U.S.C. § 2244 ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").

## III.

For these reasons, the Clerk of the Court shall transfer this second or successive petition to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A) for a determination of whether this Court may consider Carrier's habeas corpus claims. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

SO ORDERED.

Dated: April 2, 2024

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE